UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALAN ADAMS, | CASE NO. 2:25-cv-02256-JNW |
| Plaintiff, | ORDER |
| v. | |
| KING COUNTY ET AL., | |
| Defendants. | |

## 1.  INTRODUCTION

Plaintiff Alan Adams moves for disability accommodations and separately asks that he be permitted to file his response to Defendants' pending motion to dismiss late. Dkt. Nos. 35, 36, and 37. The Court DENIES Adams's motions for disability accommodations, but allows him additional time to file his response to the pending motion to dismiss.

## 2.  DISCUSSION

Adams's first motion for disability accommodations requests that the Court appoint counsel as a disability accommodation. Dkt. No. 36. Neither the Americans with Disabilities Act ("ADA") nor the Rehabilitation Act apply to the federal courts.

ORDER - 1

*Holiwell v. City of Seattle et al.*, Case No. 2:24-cv-00720-LK, 2026 WL 689153, at *3 (W.D. Wash. March 11, 2026) (citing 42 U.S.C. § 12131(1); 29 U.S.C. § 794(a)–(b); *Roman v. Jefferson at Hollywood LP*, 495 F. App'x 804, 806 (9th Cir. 2012); *Davis v. Am. Express Prepaid Card Mgmt. Corp.*, No. 1:16-CV-00591-MJS, 2017 WL 1398851, at *2 (E.D. Cal. Apr. 19, 2017) ("[T]he Rehabilitation Act does not apply to the federal courts: it only covers Executive agencies, the United States Postal Service, and certain categories of programs and activities receiving Federal funding.")).

Moreover, the Ninth Circuit has not recognized a constitutional right to have counsel appointed in a civil case. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980). To the extent Adams argues that he must be afforded counsel under the Fifth Amendment as a disability accommodation, Adams cites no legal authority to support that argument. Accordingly, the Court rejects it. *Saevik v. Swedish Med. Ctr.*, Case No. C19-1992-JCC, 2021 WL 5918595, at *4 (W.D. Wash. Dec. 15, 2021) (quoting *Cyntegra, Inc. v. IDEXX Lab'ys, Inc.*, 322 F. App'x 569, 571 n.2 (9th Cir. 2009)) (Courts "need not consider allegations 'unsupported by citations to the record or legal authority.'").

While the Court may request an attorney to represent any person who is unable to afford counsel under 28 U.S.C. § 1915(e), Adams is not indigent or proceeding in forma pauperis under that statute. Nor has Adams demonstrated that he is unable to retain counsel through his own resources. His filings demonstrate a capacity to articulate his positions to the Court. Even construing Adams's request as one under the District's Amended Plan for Pro Se Litigant Representation in

ORDER - 2

Civil Rights Actions (General Order 07-23), Adams has not satisfied the threshold criteria for appointment, including a showing that he is unable to retain counsel by other means. *See* General Order 07-23, §§ 2(e), 3(b). Accordingly, Adams has not shown that he is entitled to have the Court request an attorney to represent him as a disability accommodation or otherwise.

Adams's second motion for disability accommodations requests the following accommodations: (1) "Extended Deadlines for All Filings," (2) "Modified Scheduling and Procedural Flexibility," (3) "Permission to Use Assistive Aids and Court Support Persons," and (4) "Appointment of Counsel as an Accommodation." Dkt. No. 37 at 4–5. As explained above, neither the ADA nor the Rehabilitation Act apply to federal courts, and Adams cites no legal authority to support his Fifth Amendment argument.

The Court also notes that Adams's accommodation requests are vague and untethered to any specific deadline, hearing, or litigation task. For example, he asks for extended deadlines for "All Filings," without identifying the Court's standard deadlines under the Local Civil Rules or explaining how much additional time he would require. The Court declines to grant such broad, prospective relief. However, the Court will consider specific requests for accommodations as they arise in connection with particular deadlines, hearings, or other litigation events.

Finally, Adams requests additional time to respond to Defendants' motion to dismiss. The Court finds good cause to extend the requested deadline by FOURTEEN (14) days. The Court notes that Adams has had more than three

ORDER - 3

months to respond at this point, so an additional two weeks should be more than sufficient.

### 3. CONCLUSION

Accordingly, the Court ORDERS that Adams's motions for disability accommodations, Dkt. Nos. 36 and 37, are DENIED and that his motion for leave to file late, Dkt. No. 35, is GRANTED IN PART. Adams must file his response to the pending motion to dismiss by March 30, 2026. Any reply is due on April 6, 2026. The Clerk of the Court is DIRECTED to RENOTE the motion to dismiss, Dkt. No. 32, for April 6, 2026.

Dated this 16th day of March, 2026.

Jamal N. Whitehead
United States District Judge

ORDER - 4