UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALAN ADAMS,

Plaintiff,

v.

KING COUNTY ET AL.,

Defendants.

CASE NO. 2:25-cv-02256-JNW

DISMISSAL ORDER

## 1. INTRODUCTION

This matter comes before the Court on Defendants King County, Jason Poydras, Aimee Sutton, Ketu Shah, Linda Ridge, and Ronda Bliey's motion to dismiss. Dkt. No. 32. Having considered the parties' filings, the relevant record, and the law, the Court GRANTS the motion.

## 2. BACKGROUND

Plaintiff Alan Adams is a party to an ongoing family law case in King County Superior Court. He generally alleges that Defendants—King County, Judges Jason Poydras, Aimee Sutton, and Ketu Shah, and judicial administrators Linda Ridge, and Ronda Bliey—violated federal law by failing to accommodate his disabilities

during that case. Dkt. No. 1. Plaintiff submitted multiple accommodation requests throughout the pretrial process, including in September 2022 and February 2023, but alleges that the Court failed to timely respond to the requests before the four-day trial in early 2023. *Id.* Plaintiff continued to request disability accommodation for post-trial proceedings, some of which were granted in part and others of which were denied. *Id.*

Adams then sued here, alleging that by delaying and denying his accommodation requests, Defendants violated Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132, Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and various constitutional rights. Dkt. No. 1 at 29–32. Defendants now move to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failing to state a claim. Dkt. No. 32.

## 3. LEGAL STANDARD

Courts will grant a Rule 12(b)(6) motion to dismiss only if the complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *see* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Rule 8 does not demand detailed factual allegations, but it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 679. "Conclusory allegations of law and unwarranted inferences will not defeat an

otherwise proper motion to dismiss." *Vasquez v. L.A. Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007); *see* Fed. R. Civ. P. 8.

Under the Federal Rules of Civil Procedure, "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). Thus, a "document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). Courts are not to "dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (citing *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988)).

## 4. DISCUSSION

### 4.1 Judicial and quasi-judicial immunity bars Plaintiff's claims against Defendants Poydras, Sutton, and Bliey.

Judges have absolute immunity for acts they perform that relate to the "judicial process," no matter the judge's alleged motives. *In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002) *as amended* (Sept. 6, 2002). Immunity fails to attach only when judicial officers act clearly and completely outside the scope of their jurisdiction. *Demoran v. Witt*, 781 F.2d 155, 158 (9th Cir. 1985). Judicial immunity is not limited to judges and instead "[a]ll those who perform judge-like functions are immune from civil damages liability." *Ryan v. Bilby*, 764 F.2d 1325, 1328 n.4 (9th Cir. 1985).

Adam's claims against Judges Poydras and Sutton arise solely from their judicial actions—holding hearings and issuing orders—so absolute immunity applies. *See Munoz v. Superior Ct. of Los Angeles Cnty.*, 91 F.4th 977, 981 (9th Cir. 2024) (Section 1983's plain text provides "judicial immunity from suit for injunctive relief for acts taken in a judicial capacity."). Adam's claims against Poydras and Sutton are dismissed.

Similarly, Plaintiff's claims against Bliey also arise from her official duties as an officer of the court, so quasi-judicial immunity applies. *See Acres Bonusing, Inc v. Marston*, 17 F.4th 901, 916 (9th Cir. 2021) (quoting *Mullis v. U.S. Bankr. Court for Dist. of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987). Adams alleges that Bliey "neglected to process requests, went on extended leave . . . and failed to contact Plaintiff's treating professionals." Dkt. No. 1 at 9. But Bliey's duties as King County Superior Court's ADA coordinator—processing requests for accommodation—are not merely ministerial; they are essential to the administration of justice and "when viewed in context[,] are actually a part of the judicial function." *In re Castillo*, 297 F.3d at 952. Any action or inaction on Bliey's part related to those functions is immune from suit, so the Court dismisses Adams's claims against her too.

### 4.2 Adams does not allege that Defendants Shah and Ridge personally violated his rights.

Adams alleges that Defendant Shah, Chief Judge of the King County Superior Court, is liable for the actions of Judges Poydras and Sutton as their supervisor. Similarly, he seeks to impute liability for the actions (or inactions) of

Bliey upon her supervisor, Defendant Ridge. Those are the only allegations touching either defendant.

"[A] supervisor may be held liable under § 1983 if he or she was personally involved in the constitutional deprivation or a sufficient causal connection exists between the supervisor's unlawful conduct and the constitutional violation." *Jackson v. City of Bremerton,* 268 F.3d 646, 653 (9th Cir. 2001). Adams never alleges Shah and Ridge were personally involved in the accommodation procedure or the underlying family law matter, nor does he establish any causal connection between their supervision and the actions of Poydras, Sutton, or Bliey.

Accordingly, his claims against Shah and Ridge are dismissed for failing to state a claim.

**4.3 *Younger* abstention bars Adams's claims.**

Under *Younger v. Harris*, 401 U.S. 37 (1971), federal courts must not interfere with pending state court litigation that implicates "important state interests." *Potrero Hills Landfill, Inc. v. Cnty. of Solano*, 657 F.3d 876, 881 (9th Cir. 2011). *Younger* abstention is required if the state proceedings (1) are ongoing, (2) implicate "important state interests," (3) provide an adequate opportunity to raise federal questions, and if (4) federal adjudication would enjoin or have the practical effect of enjoining the state proceeding. *Logan v. U.S. Nat'l Bank Ass'n*, 722 F.3d 1163, 1167 (9th Cir. 2013).

Each condition is satisfied here. First, Adams alleges that "[f]rom 2023 through current, the King County Superior Court continues to conduct trial,

enforcement, and property-transfer proceedings," and he asks this Court to enjoin additional proceedings. Dkt. No. 1 at 27, 32. Second, the Ninth Circuit has held that ongoing family court matters like this one implicate important state interests. *See H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000). Third, while Adams believes his access to the superior court has been unconstitutionally barred, he concedes that his objections were dismissed "solely because they were not presented in the formal legal style or sequence the court preferred." Dkt. No. 1 at 28. There are no allegations that Adams lacks sufficient access to the courts necessary to raise his concern. Lastly, the injunctive relief Adams seeks would have the practical effect of enjoining the state court proceedings. Dkt. No. 1 at 32.

Accordingly, the Court finds that Adams's claims are barred by *Younger* abstention.

**4.4 Leave to amend would be futile.**

Ordinarily, when a court dismisses a pro se plaintiff's complaint, it should grant leave to amend, even if no request to amend is made. *Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002). But leave to amend may be denied where amendment would be futile. *Id.*

The Court concludes that amendment would be futile here. The claims against Poydras, Sutton, and Bliey necessarily turn on their roles as judges and court personnel, and therefore judicial immunity and quasi-judicial immunity are fundamental barriers to this Court's ability to hear the case. Adams does not allege

that Shah or Ridge had any role in denying his ADA accommodations, and even if he did, they would be immune from suit for the same reasons as the other named Defendants. And finally, *Younger* abstention applies to Adams's claims. No amendment could overcome these defects.

## 5. CONCLUSION

In sum, the Court GRANTS the motion, Dkt. No. 32, and DISMISSES the complaint with prejudice.

Dated this 20th day of July, 2026.

Jamal N. Whitehead
United States District Judge